EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Rachel B. Jacobson
Attorneys for Defendants
The Mount Sinai Hospital and
Chandra Matthews
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
rjacobson@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY RODRIGUEZ,

        Plaintiff,

-against-

MOUNT SINAI MEDICAL CENTER, CHANDRA MATTHEWS, CHARLENE SPENCE, MONICA WINIARCZUK, SHAVON RAMNARINE, RESHMA KAHN,

        Defendants.

12 Civ. 1152 (PKC)(FM)

**ANSWER**

        Defendants The Mount Sinai Hospital ("Mount Sinai"), named herein as Mount Sinai Medical Center, and Chandra Matthews ("Matthews") (collectively "Defendants"), by their attorneys, Edwards Wildman Palmer LLP, answer the Complaint as follows:

        1.    Deny each and every allegation contained in the unnumbered paragraph of the Complaint, except admit that Plaintiff purports to bring claims of discrimination under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and the New York City Human Rights Law.

        2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph I, A of the Complaint, except admit, upon information and belief, that Plaintiff's name is Betty Rodriguez.

3. Deny each and every allegation contained in paragraph I, B of the Complaint, except admit that Mount Sinai's mailing address is One Gustave L. Levy Place, New York, New York 10029, and has a telephone number of 212-241-6500.

4. Deny each and every allegation contained in paragraph I, C of the Complaint, except admit that Mount Sinai's mailing address is One Gustave L. Levy Place, New York, New York 10029, and has a telephone number of 212-241-6500.

5. Deny each and every allegation contained in paragraph II, A of the Complaint.

6. Deny each and every allegation contained in paragraph II, B of the Complaint.

7. With regard to the allegations contained in paragraph II, C of the Complaint, admit that Defendants are not currently committing any discriminatory acts against Plaintiff and deny that Defendants ever committed any discriminatory acts against Plaintiff.

8. Deny each and every allegation contained in paragraph II, D of the Complaint.

9. Deny each and every allegation contained in paragraph II, E of the Complaint.

10. Deny each and every allegation contained in paragraph III, A of the Complaint, except admit, upon information and belief, that Plaintiff filed a charge with the Equal Employment Opportunity Commission.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph III, B of the Complaint, except admit, upon information and belief, that the Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue, dated January 24, 2012.

12. Do not respond to paragraph III, C of the Complaint because Plaintiff does not allege a claim for age discrimination.

13. Deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause contained in paragraph IV of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendants knew or should have known of any alleged discriminatory treatment of the Plaintiff or that Defendants acquiesced in any alleged such treatment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and to correct promptly any discriminatory behavior by having anti-discrimination policies with a complaint procedure.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part, because Defendants have policies prohibiting discrimination, and procedures for investigating and preventing discrimination, and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred, in whole or in part, because Defendants have established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory, harassing and retaliatory practices and the employees or

agents charged with discrimination in the Complaint have a record of no prior incidents of discrimination, harassment or retaliation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, because they exceed the scope of the charge that Plaintiff filed with the Equal Employment Opportunity Commission.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred, in whole or in part, because the Court lacks subject matter jurisdiction over Matthews.

WHEREFORE, Defendants demand judgment dismissing the Complaint with prejudice, together with the cost and disbursements of this action, reasonable attorneys' fees, and such further relief as the Court deems just and proper.

Dated: New York, New York
      August 10, 2012

Respectfully submitted,

EDWARDS WILDMAN PALMER LLP

By: _____
    Rory J. McEvoy
    Rachel B. Jacobson
Attorneys for Defendants
The Mount Sinai Hospital and
Chandra Matthews
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
rjacobson@edwardswildman.com

To:    David Abrams, Esq.
      299 Broadway
      Suite 1700
      New York, New York 10007

      Chaim Book, Esq.
      Moskowitz & Book, LLP
      345 Seventh Avenue
      21st Floor
      New York, New York 10001

EDWARDS WILDMAN PALMER LLP
Rory J. McEvoy
Rachel B. Jacobson
Attorneys for Defendants
The Mount Sinai Hospital and Chandra Matthews
750 Lexington Avenue
New York, New York 10022
212.308.4411
rmcevoy@edwardswildman.com
rjacobson@edwardswildman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BETTY RODRIGUEZ,

        Plaintiff,

        -against-

MOUNT SINAI MEDICAL CENTER, CHANDRA MATTHEWS, CHARLENE SPENCE, MONICA WINIARCZUK, SHAVON RAMNARINE, RESHMA KAHN,

        Defendants.

---

12 Civ. 1152 (PKC)(FM)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF NEW YORK  )

Jean W. McLoughlin, being duly sworn, deposes and says that she is over the age of eighteen; is not a party to this action; and that on the 10th day of August 2012, she caused a true and correct copy of the foregoing ANSWER and RULE 7.1 DISCLOSURE to be served upon:

| | |
|---|---|
| David Abrams, Esq. | Chaim Book, Esq. |
| 299 Broadway | Moskowitz & Book, LLP |
| Suite 1700 | 345 Seventh Avenue, 21st Floor |
| New York, New York 10007 | New York, New York 10001 |

by depositing a true copy of said documents enclosed in a prepaid, sealed wrapper, properly addressed to the above-named party, in an official depository under the exclusive care and custody of the United States Postal Service, first class mail, within the State of New York and by filing same on the United States District Court, Southern District of New York's electronic court filing system.

                                                                 Jean W. McLoughlin

Sworn to before me this
10th day of August 2012

_____
Notary Public

RACHEL JACOBSON
Notary Public, State of New York
No. 02JA6209209
Qualified in New York County
Commission Expires July 20, 2013