Chaim B. Book, Esq.
M. Todd Parker, Esq.
MOSKOWITZ & BOOK, LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

*Attorneys for Defendants Monica Winiarczuk, Charlene Spence, and Shavon Ramnarine*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BETTY RODRIGUEZ,

                Plaintiff,

-against-

MOUNT SINAI MEDICAL CENTER, CHANDRA MATTHEWS, CHARLENE SPENCE, MONIKA WINIARCZUK, SHAVON RAMNARINE, and RESHMA KAHN,

                Defendants.

**Case No. 12-cv-1152 (PKC)(FM)**

**ANSWER**

---

### DEFENDANTS MONICA WINIARCZUK, SHAVON RAMNARINE, AND CHARLENE SPENCE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants MONICA WINIARCZUK, SHAVON RAMNARINE, and CHARLENE SPENCE ("Individual Defendants"), by and through their undersigned counsel, for their answer to the Complaint, state as follows:

### INTRODUCTION

1. The Introduction to the *pro se* Complaint identifies the causes of action Plaintiff asserts in this lawsuit to which no response is required. To the extent a response is required, Individual Defendants deny the allegations.

## PARTIES IN THIS COMPLAINT

2.     Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section I of the Complaint. To the extent that the allegations in Section I allege any wrongdoing on the part of Individual Defendants, Individual Defendants deny the allegations.

## STATEMENT OF CLAIM

3.     Individual Defendants deny each and every allegation contained in Section II of the Complaint.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

4.     Individual Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's EEOC filings contained in Section III of the Complaint. To the extent that the allegations in Section I allege any wrongdoing on the part of Individual Defendants or assert any of the underlying allegations contained in Plaintiff's EEOC Complaint, Individual Defendants deny the allegations and reserve the right to raise any appropriate affirmative defenses with respect to Plaintiff's EEOC filing.

## RELIEF

5.     Individual Defendants deny that Plaintiff is entitled to any of the relief demanded in the WHEREFORE clause in Section IV of the Complaint or to any other relief based upon the allegations set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted against Individual Defendants because none of the Individual Defendants supervised Plaintiff or made the decision to terminate her employment.

### Fourth Affirmative Defense

All actions taken with regard to Plaintiff, including the termination of her employment, were based on legitimate, nondiscriminatory, job-related factors unrelated to Plaintiff's race, color, national origin, disability or perceived disability, or any other status protected by law.

### Fifth Affirmative Defense

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Individual Defendants, which Individual Defendants vigorously deny, they did not engage in such acts or omissions knowingly, intentionally, or willfully, and therefore, any claim for punitive damages is barred.

**Sixth Affirmative Defense**

To the extent Plaintiff is seeking punitive damages, such damages are barred because Individual Defendants' actions were neither malicious nor egregious.

**Seventh Affirmative Defense**

Plaintiff's claims for compensatory and other damages are barred by her failure to mitigate her damages.

**Eighth Affirmative Defense**

Individual Defendants are not liable for Plaintiff's state law, local law, or common law claims and Plaintiff is not entitled to any damages from Individual Defendants for such claims because Plaintiff's employer exercised reasonable care to prevent workplace harassment and discrimination and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Plaintiff's employer.

**Ninth Affirmative Defense**

Plaintiff's alleged damages or injuries, if any, were caused in whole or in part by her own misconduct, pre-existing conditions, or by her own affirmative acts or omissions without the fault, neglect, or breach of Individual Defendants contributing thereto.

**Tenth Affirmative Defense**

Individual Defendants' actions were neither wrongful nor unlawful.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

WHEREFORE, Individual Defendants demand judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just.

Dated: New York, New York
       August 10, 2012

                                        Respectfully submitted,

                                        MOSKOWITZ & BOOK, LLP

                                        By:____/s/_____
                                            Chaim B. Book
                                            M. Todd Parker

                                      345 Seventh Avenue, 21st Floor
                                      New York, New York 10001
                                      (212) 221-7999

                                      *Attorneys for Defendants Monica Winiarczuk,*
                                      *Charlene Spence, and Shavon Ramnarine*